IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SERVANDO LARA-TORRES,

    Petitioner,

   v.        CASE NO. 07-3316-SAC

STATE OF KANSAS,
et al.,

    Respondents.

O R D E R

   This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed upon payment of the filing fee by an inmate of the Sedgwick County Jail, Wichita, Kansas.   Petitioner was convicted in the District Court of Sedgwick County, Kansas, upon his pleas of guilty of two counts of sale of methamphetamine and sentenced on February 14, 2007, to "14 months with probation to community corrections." Petitioner did not directly appeal his convictions or sentence.

   On August 23, 2007, petitioner filed a Motion to Withdraw Plea in the Sedgwick County District Court, claiming he was not fully informed regarding his plea.   After an evidentiary hearing, the motion was denied on November 9, 2007.   Petitioner did not appeal the denial of his motion.   His explanation for not appealing to the state appellate courts is that the appeal time has lapsed, and he believes the case involves U.S. constitutional issues.

   As grounds for this federal Petition, Mr. Lara-Torres raises the same claim he presented in his Motion to Withdraw, that he was not fully informed when he entered his plea.   In support of this

claim, he alleges he was not fully informed that he would be deported.   He further alleges he was a legal resident with a disabled child who is a U.S. citizen, he pleaded guilty in order to get probation and be with his family, he was put on probation by the judge "so he could be in the United States with his family," but his probation officer arranged for him to be deported.   He alleges he would not have entered into the plea agreement, had he been informed he would be deported.   He seeks to withdraw his plea[1].

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."   O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).   Generally, the exhaustion prerequisite[2] is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845.   In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."   Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).   Petitioner admits he has not

---

[1]    Petitioner alleges only that arrangements have been made for his deportation, and KASPER does not indicate he has been released from confinement. Thus, the court assumes he is currently detained, and properly seeks habeas corpus relief.   Petitioner is represented by counsel.

[2]    28 U.S.C. 2254(b)(1) provides:
"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.   28 U.S.C. 2254(b)(1)(B).

presented his claims to the highest state court.  He did seek post-conviction relief in the state district court in which he was tried; but he did not appeal the denial by that court to the Kansas Court of Appeals and the Kansas Supreme Court.  It is clear from petitioner's own statements that he did not exhaust state court remedies on his claim that his plea was improvident prior to filing his federal habeas Petition.  Thus, the court finds Mr. Lara-Torres has not satisfied the exhaustion requirement set forth in Section 2254(b)(1).

As noted, petitioner alleges the time limit for appealing the denial of his Motion to Withdraw has expired.  He does not indicate that he attempted to file a late appeal.  Petitioner is barred from raising his claims in federal court, unless he can show cause and prejudice for procedurally defaulting those claims in state court. He alleges no facts indicating either sufficient cause for his failure to exhaust or prejudice.  He shall be given time to show cause why this action should not be dismissed on account of his failure to fully exhaust state court remedies and because his claims have been procedurally defaulted.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed because he has not fully exhausted state court remedies and his claims have been procedurally defaulted.  If he fails to respond in the time allotted by the court, this action may be dismissed without further notice.

**IT IS SO ORDERED.**


Dated this 8th day of January, 2008, at Topeka, Kansas.




                                    s/Sam A. Crow
                                    U. S. Senior District Judge