```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**SERVANDO LARA-TORRES,**

                    Petitioner,

           v.                    CASE NO. 07-3316-SAC

**STATE OF KANSAS,**
**et al.,**

                    Respondents.

### O R D E R

In a prior order, this court found that petitioner in this federal habeas corpus action has not satisfied the exhaustion prerequisite set forth in 28 U.S.C. § 2254(b)(1) because he has never presented his claims to the highest state court. He did not directly appeal his state conviction; and though he did seek post-conviction relief in the state district court in which he was tried, he did not appeal the denial by that court to the Kansas Court of Appeals and the Kansas Supreme Court. Thus, this court found it clear from petitioner's own statements that he did not exhaust state court remedies on his claims prior to filing this federal habeas Petition.

The court further found that petitioner is barred from raising his claims in federal court, unless he can show cause and prejudice for procedurally defaulting those claims in state court. Petitioner was given time to show cause why this action should not be dismissed on account of his failure to fully exhaust state court remedies and because his claims have been procedurally defaulted.

In response, petitioner filed a Motion for Order Requesting the Action Not be Dismissed (Doc. 4), in which he argues essentially that exhausting his remedies, including his appeal rights, in state court would have taken too long, and his only hope in the face of his impending deportation, was a quick hearing in federal court. Petitioner is not entitled to bypass available state court remedies based upon his opinion that he could receive speedier relief in federal court, particularly when he apparently took no action during the time he could have filed either a direct appeal of his conviction or an appeal of his post-conviction motion. His argument that his only avenue to have his claims heard before he is deported is a hearing in federal court is completely conclusory and not supported by factual allegations. Petitioner does not allege that he sought expedited treatment in the state courts, which was denied. The court further finds that petitioner does not allege sufficient facts indicating the dismissal of this action for failure to exhaust state court remedies will result in a fundamental miscarriage of justice.

**IT IS THEREFORE ORDERED** that this action is dismissed because petitioner has not exhausted the available state court remedies and has not shown cause or prejudice so as to excuse the procedural default of his claims.

**IT IS FURTHER ORDERED** that petitioner's Motion for Order Holding Him in Sedgwick County Adult Detention Center Pending a Hearing (Doc. 2) is denied as moot, and his Motion for Order

Requesting the Action Not be Dismissed (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
